UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------
DANIEL WILKINS,

               Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT JOAN     **COMPLAINT**
FERREIRA, and JOHN DOES NOS. 1, 2, 3,
ETC., (whose identity are unknown but     **Jury Trial Demanded**
who are known to be personnel of the
New York City Police Department), all
of whom are sued individually and in
their official capacities,

               Defendants.
----------------------------------------

       Plaintiff, by and through his counsel, AARON M. RUBIN, ESQ, hereby alleges as follows, upon knowledge as to himself and his acts, and as to all other matters upon information and belief:

       1.   Plaintiff brings this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the United States Constitution caused by the conduct of Defendants.

       2.   Defendants are the City of New York and police officers in the New York City Police Department, some of whose identities are unknown at this time and are therefore designated as "John Doe," (hereinafter referred to as "Defendant police officers").

3. Plaintiff is a 40-year old black male and resident of Kings County in the City and State of New York, and citizen of the United States.

4. On September 3, 2015, at approximately 5:30 a.m., Plaintiff was present inside Apartment 6F in 90 Paladino Avenue in Manhattan, in New York County in the City and State of New York.

5. Plaintiff was not a resident of Apartment 6F, which belonged to his girlfriend.

6. At around that time, Defendant police officers forcibly entered Apartment 6F without Plaintiff's permission or authority.

7. Defendant police officers handcuffed, pushed and arrested Plaintiff.

8. There was no contraband recovered from apartment 6F, although defendant police officers, including Sgt. Ferreira, would later disingenuously claim that there was, in an effort to falsely justify the arrest of Plaintiff.

9. Defendant police officers transported Plaintiff to the Police Service Area 5 ("P.S.A. 5") in Manhattan.

10. Defendant police officers confined Plaintiff at P.S.A. 5 in custody without his permission or authority.

11. At P.S.A. 5, Defendant police officers processed Plaintiff for his arrest, which included photographing and fingerprinting Plaintiff.

12. Defendant police officers interrogated Plaintiff while he was in custody at P.S.A. 5.

13. Police officers transported Plaintiff in custody to Central Booking where he was further confined in jail and processed.

14. Defendant police officers communicated with an Assistant District Attorney in New York County who drafted and filed a criminal court complaint against Plaintiff based on the statements of Defendant police officers.

15. The criminal court complaint charged Plaintiff with Criminal Possession of a Controlled Substance in the Third Degree, under Penal Law Section 220.16(1), Criminally using Drug Paraphernalia in the Second Degree, under Penal Law Section 220.50(2), Criminal Possession of a Controlled Substance in the Seventh Degree, under Penal Law Section 220.03, and Unlawful Possession of Marijuana, under Penal Law 221.05.

16. The criminal court complaint was based on Joan Ferreira's attestations to have personally recovered

cocaine, marijuana and drug paraphernalia from Apartment 6F, which was not true.

17. Joan Ferreira was the affiant and swore to the complaint.

18. Plaintiff was arraigned in New York County Criminal Court on the complaint.

19. Plaintiff remained in jail following his arraignment for at least one week before he was released when the District Attorney declined to seek an indictment on any of the charges.

20. By April 2016, Plaintiff's case was dismissed in its entirety.

21. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

22. Venue is properly laid in the Southern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident took place in New York County.

23. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

24. Defendant police officers are employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents,

employees and officers of the CITY OF NEW YORK and the New York City Police Department.

25.   Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department (hereinafter, "NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible.  The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers.  Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers, who are being sued in both their individual and official capacities.

**PLAINTIFF'S FEDERAL CLAIMS
AGAINST DEFENDANT POLICE OFFICERS**

26.   Plaintiff re-alleges and incorporate by reference the allegations set forth above.

27.   In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiff of his rights under the First, Fourth, Sixth and Fourteenth Amendments to the

United States Constitution pursuant to 42 U.S.C. Section 1983.

28. The conduct by Defendants was a direct and proximate cause of Plaintiff's false arrest, unlawful seizure and imprisonment, fabrication of evidence, malicious prosecution and abuse of process.

## PLAINTIFFS' FEDERAL CLAIMS AGAINST CITY OF NEW YORK

29. Plaintiff re-alleges and incorporate by reference the allegations set forth above.

30. The City of New York directly caused the Constitutional violations suffered by Plaintiff.

31. Upon information and belief, the City of New York was aware that one or all of Defendant police officers were unfit officers who previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

32. Upon information and belief, despite its knowledge of the Defendant police officers' prior conduct and propensities, the City of New York (a) exercised deliberate indifference by failing to take remedial action, (b) failed to properly train, supervise and discipline Defendant police officers and improperly retained and

utilized them, and (c) failed to adequately investigate prior complaints filed against the officers.

33. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. Section 1983 and the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       September 1, 2018

AARON M. RUBIN
Attorney for Plaintiff

_____/s_____
BY: Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
212) 725-4600
arubin@amresquire.com